**CONNELL FOLEY LLP**
One Newark Center
1085 Raymond Boulevard, 19th Fl.
Newark, New Jersey 07102
973.436.5800
Attorneys for Plaintiffs, Wyndham Franchisor, LLC and Howard Johnson International, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WYNDHAM FRANCHISOR, LLC, a Delaware Limited Liability Company, | Civil Action No. 2:22-cv-01133(JXN)(MAH) |
| Plaintiff, | **CERTIFICATION OF KELLY A. KRUG, ESQ. IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION TO SEAL** |
| v. | |
| MAYFLOWER BUSINESS GROUP, LLC, a New York Limited Liability Company; WEIHONG HU, an individual; and XIAOZHUANG GE, an individual, | |
| Defendants. | |
| HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation, | |
| Plaintiff, | Civil Action No. 2:22-cv-01145(MCA)(LDW) |
| v. | |
| MAYFLOWERS INTERNATIONAL HOTEL MANAGEMENT LLC, a New York Limited Liability Company; WEIHONG HU, an individual; and XIAOZHUANG GE, an individual, | |
| Defendants. | |

Pursuant to 28 U.S.C. § 1746, I, Kelly A. Krug, hereby certify that:

1. I am the Vice President of Litigation for Plaintiffs Wyndham Franchisor, LLC ("WDF") and Howard Johnson International, Inc. ("HJI") (collectively, "Plaintiffs"). As such, I am fully familiar with the facts contained herein.

15185133-2

2. I submit this certification in support of Plaintiffs' Omnibus Motion to Seal the March 25, 2024 Report and Recommendation ("R&R") (D.E. 48), Defendants' Objection to the Report and Recommendation ("Defendants' Objection") (D.E. 49), and Declaration of Weihong Hu ("Hu Declaration") (D.E. 49-1).

3. Plaintiffs have legitimate privacy interests which warrant sealing of the R&R, Defendants' Objection, and Hu Declaration.

4. Specifically, the information that Plaintiffs have redacted and seek to seal from the R&R (<u>Exhibit A</u>), Defendants' Objection (<u>Exhibit B</u>), and Hu Declaration (<u>Exhibit C</u>), which are attached to the Certification of Bryan P. Couch, Esq., concerns the confidential, competitive, proprietary, commercial information concerning settlement negotiations, and terms between private entities, and are critical to Plaintiffs' business operations.

5. Plaintiffs have an interest in not disclosing this information to the public.

6. Recognizing the importance of confidentiality, Plaintiffs and Defendants agreed to confidentiality provisions that restrict the disclosure of the settlement terms.

7. Although the public may be interested in this case, the public has no legitimate interest in gaining access to this confidential information, as this is a case between private parties.

8. There is a substantial risk that Plaintiffs and Defendants would suffer clearly defined and serious injuries if sealing is not granted.

9. First, confidential settlement negotiations and terms, which are proprietary business information between private business entities, should not become publicly available as it would compromise the confidentiality of their negotiations and each parties' future business relationships and opportunities in the marketplace.

10. Second, disclosure of materials concerning confidential settlement negotiations and terms would compromise Plaintiffs' and Defendants' competitive business practices, which could, in turn, jeopardize the manner in which they conduct business in the future.

11. Third, making the confidential settlement negotiations and terms publicly available to Plaintiffs' competitors would significantly undermine Plaintiffs' ability to negotiate confidential settlement terms with other business entities and give those other business entities an unfair advantage.

12. Upon information and belief, public disclosure of such information could also put Defendants at a significant disadvantage in negotiating with other business entities and would undermine Defendants' ability to negotiate confidential settlement terms.

13. There is no less restrictive alternative other than sealing this information, and Plaintiffs' request is narrowly tailored to restrict access only to the portions of the documents containing confidential information.

14. Once confidential information is disclosed to the public, it can never again be sealed or maintained as private. Plaintiffs' request to seal the R&R, Defendants Objection, and Hu Declaration is narrowly tailored and only restricts access to the actual amount of the settlement offers, counter-offers, and settlement amount contained in the referenced documents.

15. The disclosure of this confidential settlement information would pose a substantial risk of injury to Plaintiffs and Defendants as their proprietary business operations and strategies would be made public and available to other business entities and competitors.

16. The motion to seal leaves almost all of the main body of the R&R, Defendants' Objection, and Hu Declaration unredacted, balancing any public interest in access to each document.

15185133-2

17. The only way to protect the confidential interests is to seal the confidential information.

18. As the application seeks to seal settlement amounts that were discussed during negotiations, there is no less restrictive means to prevent the injury.

19. The R&R, Defendants' Objection, and Hu Declaration are currently under temporary seal.

20. There are no objections to Plaintiffs' motion to seal as Defendants consent to same.

21. Accordingly, it is respectfully requested that the Court protect the Plaintiffs' and Defendants' confidential, competitive, proprietary, commercial information concerning settlement negotiations, and terms between private entities and grant Plaintiffs' Omnibus Motion to Seal.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: April 22, 2024

*Kelly A. Krug*
**KELLY A. KRUG**